KONKEL and others, Appellants, v. COMMON COUNCIL, City of Delafield, and another, Respondents.

*No. 382. Submitted under sec. (Rule) 251.54 March 6, 1975.— Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 606.)

For the appellants the cause was submitted on the brief of *Thomas A. Hauke* of Milwaukee.

For the respondents the cause was submitted on the brief of *Dale W. Arenz,* city attorney, and *Hippenmeyer, Reilly & Arenz* of Delafield for respondent common council, and by *William C. Yellin* of Milwaukee for respondent National Exchangors, Inc.

HEFFERNAN, J.   The plaintiffs, certain residents of the city of Delafield, commenced this action for declaratory judgment that Ordinance No. 87, passed by the Delafield Common Council on August 2, 1972, was invalid. The ordinance provides:

"The Common Council of the City of Delafield, Waukesha County, Wisconsin, do ordain as follows:

"*Section 1.* The following described real estate being the property of St. John's Military Academy is hereby conditionally rezoned to R–5. Said conditional rezoning is done upon the following conditions:

"(a)  That the intended use of the property is a planned unit development of condominiums and related subsidiary uses.

"(b)  That this land is conditionally rezoned only for the present optionee, National Exchangors, Inc., by Ray Stemper & Associates.

"(c)  This rezoning is subject to the two proposed amendments presently pending before this Common Coun-

cil, namely, the planned unit development and the amendment to the R–5.

"In the event any of these conditions are not met, then the property shall revert back to its present zoning, namely, RL–1—R–2 and this ordinance shall be null and void. The property to be rezoned by this ordinance under R–5 is described as follows:

"[The legal description of the property is omitted.]

"*Section 2.* The several sections of this ordinance are declared to be severable. If any section shall be declared by a decision of a court of competent jurisdiction to be invalid, such decision shall not affect the validity of the other provisions of the ordinance.

"*Section 3.* This ordinance shall take effect immediately upon passage and posting as provided by law."

The ordinance is invalid, plaintiffs contend, because the zoning of the property will revert automatically to a single-family district in the event the conditions prescribed by the zoning ordinance are not met. The plaintiffs argue this is automatically mandated by the ordinance, for it purports to effect a rezoning of the real estate immediately upon the failure to satisfy the conditions. This, they contend, bypasses the statutory procedural due process safeguards required by sec. 62.23 (7) (d), Stats. They argue that the rezoning upon reversion would be without notice and, hence, the entire ordinance must fail.

The plaintiffs, appellants, do not object to conditional zoning but only to the denial of statutory due process made inevitable by the operation of this ordinance in the event the reverter clause is triggered.

The trial judge concluded that the ordinance was within the authority of the municipality. A judgment was entered declaring the ordinance valid. While we agree with the conclusion of the trial judge, we do so on substantially different grounds.

As we construe the meaning of the ordinance, the validity of the reverter clause need not be decided. The

plaintiffs claim the effect of the ordinance is to make possible a rezoning of the property to its original classification without further hearing and that, therefore, the statutory procedural requirements are violated. On the other hand, a convincing argument can be made for the proposition that, since the original zoning ordinance could be considered to contemplate not only the immediate rezoning but also a subsequent rezoning upon the failure of the conditions specified, the original hearing embraced both original rezoning and a possible subsequent reverter. As so viewed, one notice and one hearing might well satisfy both the statutory requirements and the requirements of due process. We find it unnecessary, however, to decide that point in view of the language of the ordinance.

As the city attorney of Delafield pointed out, the language of the ordinance "is not perfect." It contains verbiage that could give rise to conflicting inferences regarding the purpose of the ordinance and the intent of the common council. It contains elements from which one could reasonably conclude that the rezoning to R–5, a multifamily district, is to become effective only when the conditions in the ordinance are met. The position of the plaintiffs is, however, that the ordinance provides that the rezoning is to become effective immediately but with an automatic reverter if the conditions provided in the ordinance are not satisfied.

We conclude that the ordinance is of the first type described—that it does not become effective and that there is no rezoning to R–5 until the conditions of the ordinance are met. As so viewed, the validity of the ordinance is free from doubt. The municipal corporation has not surrendered or contracted away any of its governmental functions or powers. The function of the council and the powers conferred upon it by statute are not impaired.

Whether the ordinance is in the public interest is a political question, to be resolved, as it has been in this

case, by the common council and ultimately by the people. There is nothing in the record before us to show that the action was arbitrary or capricious or could be attacked on any basis other than that urged by the plaintiffs. Accordingly, the policy question which may be posed by an ordinance of this kind is not before us and has not been raised by the facts which were stipulated to by the parties.

The ordinance plainly and unequivocally states, "Said conditional rezoning is done upon the following conditions." The conditions set forth in the ordinance are that the use of the property is a planned unit development of condominiums and that the land is rezoned only for the present optionee. These two provisions perhaps could be construed as conditions that had already been satisfied at the time of the passage of the ordinance. Subsection (c) provides, however:

"This rezoning is subject to the two proposed amendments presently pending before this Common Council, namely, the planned unit development and the amendment to the R–5."

That section demonstrates that rezoning to R–5 was not accomplished by the ordinance itself but required additional action and additional ordinances to be passed. It was conditional on matters "pending," and therefore not completed. The rezoning only could be accomplished when the conditions were met.

The city argues that obviously these conditions had been met at the time the ordinance was passed; but if that were true, there would be no reason to provide for a reversion in the event the conditions are not met in the future. The ordinance could have recited that, because the conditions had been met, the rezoning to R–5 was effective upon the passage of the ordinance. The council did not so provide.

We conclude this ordinance was properly adopted by the common council in the exercise of its statutory functions to determine to rezone property at such time as the conditions, set by the council, were met. In view of the provisions of sec. 1 (a), (b), and (c), the ordinance as drafted did not rezone the property to R–5. It provided that the rezoning would take place when the conditions were met.

The plaintiffs have raised the point that, under any view, the ordinance is vague and unenforceable since there is no "time period at the end of which failure or satisfaction" of the specific conditions can be ascertained. We agree that, for the practical administration of this ordinance, a time limit for the meeting of the conditions ought to have been set. We do not, however, consider this a fatal defect. This is not contract zoning. The city has not bound itself irrevocably to zone R–5; and at any time that the council concludes that a reasonable time has passed without meeting the conditions, the ordinance can be repealed. The state of limbo can be terminated at the will of the legislative body. The common council has retained full control of its legislative powers. By repealing the ordinance, a new rezoning does not take place. It merely would terminate the possibility of making effective the rezoning to R–5. The zoning district classification would remain single family, RL–1 and R–2.

The plaintiffs contend the zoning to R–5 took effect, to use the words of the ordinance, "immediately upon passage and posting as provided by law." They argue the R–5 zoning already has been accomplished, and we accordingly must be concerned with the effect and legality of the reversion clause. While, no doubt, the *ordinance* took effect upon the passage and publication, the rezoning provided for therein did not. That rezoning could only take place when all the conditions were subsequently

met. The ordinance itself provides that at least one of the conditions would only be met by future action.

The ordinance is a valid enactment of a common council declaring that rezoning to R–5 could take place automatically at such time as the specified conditions were met. Whether this rezoning, in fact, has taken place is not revealed by the record. It would appear that further legislative action by the common council would be required perhaps by a notification of compliance by the interested developer and the acceptance of a report reciting that the conditions of the ordinance had been met.

As we view this matter, the reversionary clause, whatever its constitutionality, is mere surplusage. The common council, no doubt, could have enacted an ordinance that evidenced a legislative intent for the rezoning to R–5 to take place contemporaneously with the enactment of the ordinance. This it failed to do. In that event, the reversionary clause would become significant, but it is not under the present circumstances. We conclude that the ordinance is valid in that it simply is an ordinance that makes rezoning effective at such time as the conditions set forth by the council in the ordinance are satisfied. As the record before this court stands, the zoning of the property remains RL–1 and R–2.

*By the Court.*—Judgment affirmed.